IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 21–cv–01884–KMT

GARY T. HUDSON,

    Plaintiff,

v.

WAGNER'S, LLC.,

    Defendant.

---

## ORDER

---

Before the court is "Defendant's Motion to Stay Discovery and Vacate the Scheduling Order." (["Motion"], Doc. No. 16.)  Plaintiff has responded in opposition to the Motion, and Defendant has replied.  (["Response"], Doc. No. 28; ["Reply"], Doc. No. 29.)  For the following reasons, the Motion is DENIED.

### STATEMENT OF THE CASE

Plaintiff Gary T. Hudson ["Mr. Hudson," or "Plaintiff"] brings this diversity action against his former employer, Defendant Wagner's, LLC ["Wagner's," or "Defendant"], asserting claims for breach of contract and promissory estoppel.  (["Complaint"], Doc. No. 27; *see* Doc. 1.)  In his Complaint, Mr. Hudson requests unspecified injunctive relief, as well as monetary damages.  (Compl. 4.)

On July 19, 2021, Wagner's responded to Mr. Hudson's allegations by filing a motion to dismiss the Complaint, in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6), for inadequate pleading.  (Doc. No. 9.)  Eight weeks later, on September 13, 2021, Wagner's filed the present Motion, asking that discovery in this matter be stayed, pending resolution of its previously filed motion to dismiss.  (Mot. 1.)  Defendant argues that a discovery stay is appropriate here, because  its motion to dismiss, if granted, "could dispose of the case in its entirety."  (*Id.* at 2.)

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored.  *See, e.g.*, *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Jackson v. Denver Water Bd.*, No. 08-cv-01984, at *1 (D. Colo. Dec. 15, 2008); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419, at *2 (D. Colo. Mar. 2, 2007).  Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the court.  *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the]

2

plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227.  Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010).  "[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action."  *Serv. First Permits, LLC v. Lightmaker Vancouver (Internet) Inc.*, No. 18-cv-02089, 2019 WL 109335, at *3 (D. Colo. Jan. 4, 2019) (quoting *Elec. Payment Sols. of Am., Inc.*, No. 14-cv-02624, 2015 WL 3940615, at *1 (D. Colo. June 25, 2015)).

## ANALYSIS

In this case, as to the first factor, Plaintiff argues that he will be unduly prejudiced by the imposition of a discovery stay, because Defendant's actions against him have caused "ongoing harm to his newly created business."  (Resp. 3.)  Mr. Hudson argues, specifically, that because Wagner's prematurely terminated his two-year employment contract, he is now "struggling," on a daily basis, to "meet[] the start up expenses of that business without the promised salary input from Wagner's."  (*Id.*)  Defendant, on the other hand, insists that any prejudice suffered by Plaintiff from a discovery stay would be "minimal," given that his monetary damages claim, as outlined in the parties' Scheduling Order, is predicated upon his claimed entitlement to wages, running specifically from March 26, 2021 through September 21, 2022.  (Mot. 3; *see* Doc. No.

3

14 at 5.)

As to this factor, although Defendant disputes the extent to which a discovery stay would actually affect Plaintiff's ability to proceed expeditiously with his case, there is no question that Plaintiff possesses such an interest. *See Chavez v. Young Am. Ins. Co.*, No. 06-CV-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (noting that staying discovery pending resolution of a motion to dismiss "could substantially delay the ultimate resolution of the matter, with injurious consequences"). In light of that interest, the court finds the first factor to weigh slightly against the imposition of a stay. *See Four Winds Interactive LLC v. 22 Miles, Inc.*, No. 16-cv-00704-MSK-STV, 2017 WL 121624, at *2 (D. Colo. Jan. 11, 2017) (finding the first factor to weigh against a stay, because of the plaintiff's interest in proceeding expeditiously, and because a final determination on the motion to dismiss "could take several months").

As to the second factor, Wagner's argues that it would be unduly burdened by moving forward with discovery, given that its motion to dismiss, which is "based entirely on legal arguments," is potentially dispositive of the case. (Mot. 2-3.) Wagner's stresses that it is "a small bird seed manufacturer located in Flagler, Colorado with its headquarters in New York," and it reports that "all of the witnesses identified as potentially being deposed in the Scheduling Order live outside of Colorado." (*Id.* at 4.) Defendant contends that, if discovery was to proceed, "the parties and their counsel will have to incur costs and fees to travel out of state to depose key witnesses." (*Id.*) Wagner's complains that, under such circumstances, it "necessarily would have to divert resources from its normal course of business." (*Id.*) Defendant further laments that, should it prevail on its motion to dismiss, any proffered discovery responses would be rendered "useless, resulting in a waste of the parties' time and resources." (*Id.*)

4

Despite these assertions, the court is not convinced that proceeding with discovery would impose a significant, countervailing burden on Defendant here. Importantly, in its motion to dismiss, Wagner's does not argue that the court lacks jurisdiction over this case, or that it is entitled to immunity from suit; rather, it simply moves to dismiss Mr. Hudson's Complaint, pursuant to Rule 12(b)(6), for failure to meet the requisite pleading standard. (*See* Doc. No. 9.) "Granting a stay under these circumstances would suggest that a stay of discovery is appropriate nearly any time a defendant files a motion to dismiss." *Boden v. Hmshost Corp.*, No. 15-cv-00606-CMA-KMT, 2015 WL 3826725, at *2 (D. Colo. June 19, 2015). Such an outcome would clearly run contrary to the disfavored status of stays in this District.[1] *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009); *accord Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019) ("stays of the normal proceedings of a court matter should be the exception rather than the rule"); *see also Baldwin v. United States*, No. 11-cv-02033-MSK-KLM, 2011 WL 5177698, at *2 (D. Colo. Nov. 1, 2011) ("[W]hile courts have frequently imposed a stay when issues relating to jurisdiction or immunity have been raised, motions relating to a failure to state a claim are not unique nor do they raise

---

[1] Wagner's relies on *Elmore v. Artisan & Truckers Cas. Co.*, No. 20-cv-01994-PAB-KMT, 2020 WL 4571095 (D. Colo. Aug. 7, 2020) for the proposition that this court "has granted motions to stay discovery in breach of contract cases similar to this one where the defendant has filed a motion to dismiss under Rule 12(b)(6) for failure to state a claim." (Reply 4.) In *Elmore*, however, the parties *jointly filed* a motion to stay, pending resolution of their cross-motions for summary judgment relating to a threshold legal issue in dispute—*viz.,* the extent to which the plaintiff's insurance claim was precluded by the terms of his policy. 2020 WL 4571095, at *1. Given that the parties in *Elmore* made clear in their briefing that no further discovery would be needed to resolve the cross-motions for summary judgment, the court found the imposition of a stay to be warranted. *Id.* at *1-2. In this case, by contrast, Defendant asks for a discovery stay based merely on its filing of a motion to dismiss that challenges the sufficiency of the Complaint's allegations, and the motion to stay, itself, is opposed. As such, *Elmore* is inapposite.

similar concerns that the defendants are unnecessarily subject to litigation."); *Chavez*, 2007 WL 683973, at *2-3 (observing that "the pendency of a run-of-the-mill motion to dismiss for failure to state a claim under Rule 12(b)(6)" does not constitute "extraordinary circumstances" such that a discovery stay should be imposed). Further, while Defendant complains that, if discovery proceeds, it will be forced to incur "costs and fees," it provides no elaboration concerning its anticipated future expenses. *See Christou v. Beatport, LLC*, No. 10-cv-02912-CMA-KMT, 2011 WL 650377, at *2 (D. Colo. Feb. 10, 2011) (finding the second factor to weigh against a stay, where the defendants offered no specific arguments as to how or why discovery would be "unusually expensive or protracted"); *see also Weatherspoon v. Miller*, No. 11-cv-00312, 2011 WL 1485935, at *2 (D. Colo. Apr. 19, 2011) ("Without affidavits, documentation or detailed explanation, the Court cannot determine the extent of the burden on the Movants and cannot justify imposing an indefinite stay of the proceedings in this matter."). While Wagner's will undoubtedly incur *some* expense in moving forward with discovery, there is nothing to suggest that its burden exceeds, or will exceed, that of any other civil defendant. *See Pioneer Centres Holding Co. Emp. Stock Ownership Plan & Trust v. Alerus Fin., N.A.*, No. 12-cv-02547-MSK-BNB, 2013 WL 589187, at *3 (D. Colo. Feb. 14, 2013) ("Defendants always are burdened when sued, whether the case is dismissed, summary judgment is granted, a settlement occurs, or there is a trial. It is a consequence of our judicial system and the rules of civil procedure. There is no special burden on the defendants in this case."). The second factor, therefore, also weighs against the imposition of a stay.

Finally, neither the convenience to the court, nor the interests of nonparties and the public, warrant a stay of this matter. Although Defendant contends that non-party, out-of-state

witnesses will be unnecessarily inconvenienced if discovery proceeds prior to a ruling on its motion to dismiss, this concern is not unique to this case, and therefore, "does not support the disfavored remedy of a stay of discovery." *Boden*, 2015 WL 3826725, at *3.  Further, it is inconvenient to this court's ability to schedule and manage its docket if the proceedings are delayed.  *See Aspen Corporations, Inc. v. Gorman*, No. 18-cv-01325, 2019 WL 266313, at *2 (D. Colo. Jan. 18, 2019) ("[D]elays resulting from a stay of discovery inconvenience courts by making the docket less predictable and, hence, less manageable[.]") (internal quotations omitted); *see also Hall v. Town of Gilcrest, Colo.*, No. 11-cv-00327-REB-BNB, 2011 WL 1518667, at *2 (D. Colo. Apr. 20, 2011) ("Delay is an element indigenous to many systems, and one that can have significant implications unless recognized and accounted for.").  Finally, the general public's interest in this case is an efficient and just resolution.  Avoiding wasteful efforts by the court and the litigants serves that purpose.

Therefore, considering the *String Cheese* factors together, as well as the strong interests of controlling the court's docket and the fair and speedy administration of justice, a stay is not warranted in this case.

Accordingly, it is

**ORDERED** that "Defendant's Motion to Stay Discovery and Vacate the Scheduling Order" (Doc. No. 16) is **DENIED**.

Dated this 12th day of October, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge